UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

___

| | |
|---|---|
| Burak C. Bingollu, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>One Source Technology, LLC, d/b/a Asurint,<br><br>  Defendant. | No. 0:22-cv-00077- DTS<br><br>**DECLARATION OF JOHN G. ALBANESE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

___

I, John G. Albanese, hereby declare as follows:

1. I am one of Plaintiff's Counsel in the above-captioned matter.

2. I submit this Declaration in support of the Motion for Preliminary Approval of Class Action Settlement.

3. Attached as **Exhibit 1** is a true and correct copy of the Parties' Settlement Agreement with Exhibits.

4. Following Defendant's answer to the Original Complaint, the Parties engaged in substantial discovery, with Defendant responding to three sets of Requests for Production and two sets of Interrogatories.

5. The Parties disagreed about the proper scope of discovery and had multiple meet-and-confers regarding their discovery disputes.

6. Defendant produced over 50,000 documents, including data regarding the two putative classes asserted in the Original Complaint, as well as Defendant's dispute files

1

regarding FACIS and SSN reporting. Class Counsel reviewed that data and Defendant's other documents. As a result of the document production, Class Counsel concluded that Ms. Wright's claim related to FACIS reporting was not viable as a class action claim.

7. Class Counsel was not involved at all in the negotiation of Ms. Wright's individual settlement, and neither Plaintiff Bingollu nor Class Counsel received any money or other consideration as a result of the settlement of Ms. Wright's claims.

8. The precise recovery per Class Member cannot be calculated until the number of participating Class Members is known. However, if the Court grants the contemplated Class Counsel Fees and costs, Administrative Costs, and Class Representative Service Payment, and assuming no opt outs and a 10% claims rate for those Class Members who are required to return a Claim Form, Class Counsel estimates that net payments would be approximately $230 per Settlement Class Member.

9. Plaintiff has provided documents and information to his attorneys, has reviewed the Settlement, and has stayed abreast of case developments and settlement negotiations since he retained Class Counsel. Moreover, the Class Representative has no interests antagonistic to the interests of the Settlement Class, and is unaware of any actual or apparent conflicts of interest with the Settlement Class.

10. Berger Montague specializes in class action litigation and is one of the preeminent class action law firms in the United States. The firm currently consists of over 60 attorneys who primarily represent plaintiffs in complex civil litigation, and class action litigation, in federal and state courts. Berger Montague has played lead roles in major class action cases for over 50 years, and has obtained settlement and recoveries totaling well

over $30 billion for its clients and the classes they have represented. A copy of the firm's resume is attached hereto as **Exhibit 2**.

11. I am a Shareholder with Berger Montague. I concentrate my practice on consumer protection with a focus on Fair Credit Reporting Act violations, and have served as Class Counsel in many Fair Credit Reporting Act and other consumer protection matters. I have also prosecuted class actions related to illegal online lending, unfair debt collection, privacy breaches, illegal insurance practices, and other consumer law issues. I am regularly invited to speak on consumer law and litigation issues by the National Association of Consumer Advocates and the National Consumer Law Center, and am an editor of the National Consumer Law Center's Fair Credit Reporting Act manual. I have obtained favorable decisions for consumers in state and federal courts all over the country. I also frequently represent consumer advocacy groups as amici curiae at the appellate level.

12. E. Michelle Drake is an Executive Shareholder at Berger Montague PC. She has been practicing law since 2001 and is a graduate of Harvard College, Oxford University, and Harvard Law School. She serves as co-chair of the firm's Consumer Protection & Mass Tort Department, and as chair of the Background Checks and Credit Reporting Department. Ms. Drake's practice focuses on protecting consumers' rights when they are injured by improper credit reporting, and other illegal business practices. She currently serves as lead or co-lead counsel in dozens of class action consumer protection cases in federal and state courts across the country, including numerous cases brought pursuant to the Fair Credit Reporting Act.

13. Ms. Drake serves on the Board of the Southern Center for Human Rights, is a member of the Partner's Council of the National Consumer Law Center, and am a former Co-Chair of the Consumer Litigation Section for the Minnesota State Bar Association, and a former Board Member of the National Association of Consumer Advocates. Ms. Drake has previously served as a member of the Ethics Committee for the National Association of Consumer Advocates, and as Treasurer and At-Large Council Member for the Consumer Litigation Section of the Minnesota State Bar Association. She is also an appointee to the Federal Practice Committee in 2010 by the U.S. District Court for the District of Minnesota.

14. Ms. Drake has been named to the LawDragon 500 Leading Plaintiff Financial Lawyers List for 2019, and a 2020 Elite Woman of the Plaintiffs Bar by the National Law Journal, and is consistently named to the annual lists of The Best Lawyers of America, Top 50 Women Minnesota Super Lawyers, and Super Lawyers. She has been quoted in the New York Times, and the National Law Journal, and have had prior cases named as "Lawsuits of the Year" by Minnesota Law & Politics.

15. Ms. Drake presents frequently at national and local conferences on class actions, consumer protection, and Fair Credit Reporting Act-related topics, and co-authored a book chapter on background checks and related issues, "Financial and Criminal Background Checks," Job Applicant Screening: A Practice Guide, Minnesota Continuing Legal Education Publication, May 2014, and the forthcoming 2d. ed. She also was a contributing author to "Consumer Law," The Complete Lawyer's Quick Answer Book, Minnesota Continuing Legal Education Publication, 2d. ed., 2019, and "Chapter 1: Case

4

and Claims Selection, Other First Considerations," Consumer Class Actions, National Consumer Law Center, 10th ed., 2019.

16. Ms. Drake and I have served as lead, or co-lead, class counsel in numerous notable consumer protection matters, including, but not limited to, the following:

*Gambles v. Sterling Infosystems, Inc.*, No. 15-cv-9746 (S.D.N.Y.) FCRA class action, alleging violations by consumer reporting agency, resulting in a gross settlement of $15 million, one of the largest FCRA settlements to date.

*In re: JUUL Labs, Inc. Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 19-md-2913 (N.D. Cal.). Appointed to Plaintiffs' Steering Committee in multi-district litigation consolidated class action, regarding the marketing and sales practices of dangerous e-cigarettes to consumers.

*In re: American Medical Collection Agency, Inc. Customer Data Security Breach Litig.*, No. 19-md-2904 (D.N.J.). Appointed to the Plaintiff's Quest Track Steering Committee in multi-district litigation consolidated class action, regarding the breach of consumers' medical information.

*In re: TransUnion Rental Screening Sols., Inc. FCRA Litig.*, No. 1:20-md-02933-JPB (N.D. Ga.). Appointed as Interim Lead Counsel for the classes in multi-district litigation consolidated class action, regarding violations of the Fair Credit Reporting Act.

*Thomas v. Equifax Info. Services, LLC*, No. 18-cv-684 (E.D. Va.). FCRA class action, alleging violations by credit bureau, providing nationwide resolution of class action claims asserted across multiple jurisdictions, including injunctive relief, and an uncapped mediation program for millions of consumers.

*Clark v. Experian Info. Sols., Inc.*, No. 16-cv-32 (E.D. Va.). FCRA class action, alleging violations by credit bureau, providing a nationwide resolution of class action claims asserted by 32 plaintiffs in 16 jurisdictions, including injunctive relief and an uncapped mediation program, for millions of consumers.

*Clark/Anderson v. Trans Union, LLC*, No. 15-cv-391 & No. 16-cv-558 (E.D. Va.). FCRA consolidated class action, alleging violations by credit bureau, providing groundbreaking injunctive relief, and an opportunity to recover monetary relief, for millions of consumers.

*Rilley v. MoneyMutual, LLC*, No. 16-cv-4001 (D. Minn.). Court certified a litigation class of over 20,000 Minnesota consumers alleging that MoneyMutual violated Minnesota payday lending regulations, resulting in $2,000,000 settlement with notable injunctive relief.

*Lee v. The Hertz Corp.*, No. CGC-15-547520 (Cal. Super. Ct., San Fran. Cnty.). FCRA class action, alleging violations by employer, resulting in $1.619 million settlement.

*Rubio-Delgado v. Aerotek, Inc.*, No. 16-cv-1066 (S.D. Ohio). FCRA class action, alleging violations by employer, resulting in a $15 million settlement.

*Knights v. Publix Super Markets, Inc.*, No. 14-cv-720 (M.D. Tenn.). FCRA class action, alleging violations by employer, resulting in a $6.75 million settlement.

*Hillson v. Kelly Services, Inc.*, No. 15-cv-10803 (E.D. Mich.). FCRA class action, alleging violations by employer, resulting in a $6.749 million settlement.

*Ernst v. DISH Network, LLC & Sterling Infosystems, Inc.*, No. 12-cv-8794 (S.D.N.Y.). FCRA class action, alleging violations by employer and consumer reporting agency, resulting in a $4.75 million settlement with consumer reporting agency, and a $1.75 million settlement with employer.

*Howell v. Checkr, Inc.*, No. 17-cv-4305 (N.D. Cal.). FCRA class action, alleging violations by consumer reporting agency, resulting in a $4.46 million settlement.

*Brown v. Delhaize America, LLC*, No. 14-cv-195 (M.D.N.C.). FCRA class action, alleging violations by employer, resulting in $2.99 million settlement.

*Nesbitt v. Postmates, Inc.*, No. CGC-15-547146 (Cal. Super. Ct., San Fran. Cnty.). FCRA class action, alleging violations by employer, resulting in a $2.5 million settlement.

*Singleton v. Domino's Pizza, LLC*, No. 11-cv-1823 (D. Md.). FCRA class action, alleging violations by employer, resulting in a $2.5 million settlement.

*Heaton v. Social Finance, Inc.*, No. 14-cv-5191 (N.D. Cal.). FCRA class action, alleging violations by lender, resulting in a $2.5 million settlement.

*Terrell v. Costco Wholesale Corp.*, No. 10-2-33915-9 (Wash. Super. Ct., King Cnty.). FCRA class action, alleging violations by employer, resulting in a $2.49 million settlement.

*Halvorson v. TalentBin, Inc.*, No. 15-cv-5166 (N.D. Cal.). FCRA class action, alleging violations by online data aggregator, resulting in a $1.15 million settlement.

*Legrand v. IntelliCorp Records, Inc.*, No. 15-cv-2091 (N.D. Ohio). FCRA class action, alleging violations by consumer reporting agency, resulting in a $1.1 million settlement.

*In re Target Corp. Customer Data Security Breach Litig.*, MDL No. 14-2522 (D. Minn.). Data security breach class action, resulting in a $10 million settlement for consumers.

17. Ariana Kiener is an Associate and practices in the firm's Consumer Protection group. Before joining Berger, Ms. Kiener worked for several years in education, first as a classroom teacher (through a Fulbright Scholarship in Northeastern Thailand) and eventually as the communications director for an education advocacy nonprofit organization. While in law school, she clerked at Berger Montague and served as a Certified Student Attorney and Student Director with the Mitchell Hamline Employment Discrimination Mediation Representation Clinic. She has served as class counsel in numerous Fair Credit Reporting Act matters.

The foregoing statement is made under penalty of perjury, and is true and correct to the best of my knowledge and belief.

Date: March 1, 2024                         /s/John G. Albanese
                                            John G. Albanese