# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

___

| | |
|---|---|
| Burak C. Bingollu, on behalf of himself and all others similarly situated, | Case No. 0:22-cv-00077-DTS |
| Plaintiff, | **[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| v. | |
| One Source Technology, LLC d/b/a Asurint, | |
| Defendant. | |

___

WHEREAS, the Court has been advised that the Parties to the above-captioned proceeding (the "Action"), Plaintiff Burak C. Bingollu ("Plaintiff"), on behalf of himself and all others similarly situated, and One Source Technology, LLC d/b/a Asurint ("Defendant") (collectively, the "Parties"), through their respective counsel, have agreed, subject to Court approval following notice to the Settlement Class Members and a hearing, to settle the Action upon the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court, and the Court deeming that the definitions set forth in the Settlement Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Settlement Agreement);

**NOW, THEREFORE**, based upon the Settlement Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the proposed Settlement Class Members, to

confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in this Action.

**IT IS HEREBY ORDERED**:

1. The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

2. **SETTLEMENT CLASS** — Pursuant to Fed. R. Civ. P. 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Settlement Class:

> All individuals who were the subject of consumer reports prepared by Defendant from December 27, 2019 to May 1, 2023 about whom Defendant reported: (1) through the SSN Trace Level 2 product, "unable to validate" and/or "not verified"; or (2) individuals who disputed information in the SSN Trace section of their background reports, which was then revised.

3. The Parties estimate that there are approximately 60,452 members of the Settlement Class. The Settlement Class does not include former plaintiff Sharon Wright, who has resolved her claims on an individual basis.

4. **PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS** — The Court preliminarily finds that the Settlement Class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23. Namely, the Court preliminarily finds that:

   A. The Settlement Class Members are so numerous that joinder of all of them in the Action is impracticable;

   B. There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

    C. The claims of the Plaintiff are typical of the claims of the Settlement Class Members;

    D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

    E. The Court finds that, as to the Settlement Class, class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Consequently, the Court finds that the requirements for certification of a conditional settlement class under Rule 23(b)(3) are satisfied.

5. If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement and all associated proceedings had not been negotiated, made, or filed with the Court; and the Parties agree that the case will return to the status quo prior to the execution of the Settlement Agreement.

6. **CLASS REPRESENTATIVE APPOINTMENT** — Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints Burak C. Bingollu as the Class Representative for the Settlement Class. The Court finds that Plaintiff has no interests that are adverse or antagonistic to the interests of the Settlement Class.

7. **CLASS COUNSEL APPOINTMENT** — Having considered the work Plaintiff's Counsel have done in identifying and investigating potential claims in this Action, Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action, Counsel's knowledge of the applicable law, and the resources Class Counsel has committed, and will continue to commit, to representing the Settlement Class, the following attorneys are designated Class Counsel under Rule 23(g)(1): E. Michelle Drake, John Albanese, and Ariana Kiener of Berger Montague PC.

8. **THIRD-PARTY SETTLEMENT ADMINISTRATOR** — The Parties have proposed American Legal Claim Services, LLC as the Settlement Administrator. The Court has reviewed the materials about this organization and concludes that it has extensive and specialized experience and expertise in class action settlements and notice programs. The Court hereby appoints American Legal Claim Services, LLC as the Settlement Administrator, to assist and provide professional guidance in the implementation of the Notices to Class Members as provided in the Settlement Agreement, and all other aspects of the settlement administration. The Settlement Administrator shall also be responsible for maintaining any records of, and keeping the Court and the Parties apprised of, any objections or written statements filed by any Settlement Class Member or government officials.

9. **CLASS NOTICE** — The Court approves the form and substance of the class notice procedures set forth in Section 5 of the Settlement Agreement and the notices of class action settlement, attached as Exhibits A, B, D, and E to the Settlement Agreement. The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement Agreement and its terms and conditions meet the requirements of Fed. R.

Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notices concisely and clearly state, in plain, easily understood language, the nature of the action; the definition of the class certified; the class claims, issues, and defenses; that a class member may enter an appearance through counsel if the member so desires; and the binding effect of a class judgment on class members. Such notice of a Rule 23(b)(3) class settlement is designed with the intention to reach all Settlement Class Members and is otherwise proper under Rule 23(e)(1).

Based on the foregoing, the Court hereby approves the notice procedures set forth in the Settlement Agreement, and to be developed and implemented by the Parties and the Settlement Administrator, and directs that they be implemented according to the Settlement Agreement and the exhibits thereto. The Court finds that the notice procedures set forth in the Settlement Agreement and exhibits thereto constitute reasonable notice under Rule 23(e)(1) and satisfy due process. The cost of all class notice procedures shall be paid according to the terms of the Settlement Agreement.

10. **EXCLUSIONS FROM SETTLEMENT CLASS AND OBJECTIONS TO THE SETTLEMENT** — As soon as practicable and consistent with the notice procedures set forth in the Agreement, the Settlement Administrator will commence sending notice to each Settlement Class Member identified on the Class List pursuant to the terms of the Settlement Agreement. No later than fourteen (14) days before the Final Fairness Hearing in this Litigation, Class Counsel shall file the Settlement Administrator

Declaration regarding proof of implementation of the notice procedures set forth in the Settlement Agreement and exhibits thereto.

    A. Any Settlement Class Member who desires to be excluded from the Settlement Class must send a written request for exclusion to the Settlement Administrator with a postmark date no later than sixty (60) days from the distribution of Notice. Any Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement Agreement as to the Settlement Class. To be valid, the Settlement Class Member's opt-out request must (1) be made by the Objection and Exclusion Deadline, and (2) contain the Class Member's full name, original signature, current postal address, current telephone number, last four digits of their Social Security Number, and a statement that the Settlement Class Member wants to be excluded from the Settlement Class. An opt-out request must not purport to opt out of the Settlement Class for more than one consumer, *i.e.*, purported opt-outs for a group, aggregate, or class are invalid. Requests for exclusion that do not substantially comply with the requirements described herein are invalid.

    B. Any Settlement Class Member who does not opt out may object to the Settlement by sending the objection to the Settlement Administrator, postmarked no later than sixty (60) days from the distribution of Notice.

    C. Any objection must include all of the following:

        i. The indication that the objection is related to *Bingollu v. One Source Technology*;

    ii. The objecting Settlement Class Member's full name, mailing address, telephone number, and last four digits of their Social Security Number; and

    iii. A written statement detailing the specific basis for each objection, as well as supporting documentation, if any, signed by the Settlement Class Member.

D. An objection submitted through an attorney must also contain:

    i. The identity, mailing address, email address, fax number, phone number for the counsel by whom the Settlement Class Member is represented;

    ii. A statement of whether the Settlement Class Member intends to appear at the Final Fairness Hearing; and

    iii. A written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection.

E. Either Party may respond to an objection.

F. Any lawyer who intends to appear or speak at the final approval hearing on behalf of a member of the Settlement Class must enter a written notice of appearance of counsel with the Clerk of the Court no later than three (3) days prior to the Final Approval Hearing.

G. Any objector to the Settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the Final Approval Hearing and will not be allowed to object to or appeal the final approval of the proposed Settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any service award to the Named Plaintiff.

H. Settlement Class members who submit exclusions may not object to the Settlement.

11. **PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT** — The Court preliminarily finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Parties' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class; the appropriateness of the releases from the Class Representative and Settlement Class Members; and the limited amount of any potential total recovery for Settlement Class Members if the Action continued.

12. **FINAL APPROVAL** — The Court shall conduct a hearing (hereinafter referred to as the "Final Fairness Hearing") on _____, 2024 at _____ [time] to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

8

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be finally approved by the Court;

C. Whether the Final Approval Order, as provided under the Settlement Agreement, should be entered, dismissing the Action with prejudice, terminating the above-captioned proceedings, and releasing the Released Claims against the Released Parties; and

D. To discuss and review other issues as the Court deems appropriate.

13. Settlement Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Final Fairness Hearing. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class Members.

14. Applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel and a service award for the Class Representative shall be filed with the Court no later than fourteen (14) days prior to the Objection and Exclusion Deadline. Further submissions by the Parties, including memoranda in support of the proposed Settlement and responses to any objections, shall be filed with the Court no later than fourteen (14) days prior to the Final Fairness Hearing.

15. The Court may (i) approve the Settlement Agreement, with modifications to the Settlement Agreement that alter in any way the Parties' rights or duties to the extent affirmatively agreed to by the Parties, without further notice; and (ii) adjourn the Final

Fairness Hearing from time to time, by oral announcement at the hearing without further notice. Class Counsel shall ensure that any rescheduled hearing dates are promptly posted to the Settlement Website.

16. The Court retains continuing and exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

**It is SO ORDERED.**

Dated: _____    _____
                                                                Hon. David T. Schultz
                                                                U.S. Magistrate Judge