**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| Burak C. Bingollu,<br>on behalf of himself and<br>all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>One Source Technology, LLC<br>d/b/a Asurint,<br><br>    Defendant. | Case No. 22-cv-77 (DTS)<br><br>**ORDER** |

_____

    Plaintiff Burak C. Bingollu moves for Preliminary Approval of Class Action Settlement on behalf of himself and the proposed Settlement Class.[1] Dkt. No. 63. Bingollu requests that the Court: (1) preliminarily approve the proposed Settlement Agreement; (2) certify the Settlement Class; (3) direct notice to be distributed to the Settlement Class; and (4) schedule a Final Fairness Hearing. *Id.* Defendant One Source Technology, LLC, d/b/a Asurint does not oppose the motion. Having found that the proposed Settlement Agreement meets the applicable criteria for preliminary approval, Plaintiff's motion [Dkt. No. 63] is **GRANTED**.

    Former named Plaintiff Sharon Dekontee Wright brought this Action in Minnesota State Court on behalf of two classes of consumers, alleging that Defendant violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b). Dkt. No. 1-1. Defendant removed this Action to federal court. Dkt. No. 1. The Parties engaged in discovery and a

---

[1] Capitalized terms not otherwise defined shall have the same meaning as ascribed to them in the Parties' proposed Settlement Agreement, Dkt. No. 66-1.

full-day mediation, after which Ms. Wright decided to pursue her claims individually. Dkt. No. 65 at 3-4. Ms. Wright amended the Complaint to substitute Plaintiff Bingollu as the proposed Class Representative. Dkt. No. 41. On February 29, 2024, Plaintiff Bingollu and Defendant reached an agreement regarding the FCRA claims on behalf of the Settlement Class and executed a Class Action Settlement Agreement and Release. Dkt. Nos. 65 at 4; 66-1. Based on the file, records, and proceedings;

**IT IS HEREBY ORDERED:**

    **1.**    **Preliminary Approval of Settlement**

The settlement set forth in the proposed Settlement Agreement and Release appears fair, reasonable, adequate, and in the best interests of the Plaintiffs, as required by Federal Rule of Civil Procedure 23(e). *See* Dkt. No. 66-1. After notice is provided to the proposed Settlement Class, the Court will hold a hearing to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Approval Order should be entered in this Action.

    **2.**    **Class Certification**

The Court preliminarily certifies this case as a class action, for settlement purposes only, on behalf of the Class defined in the proposed Settlement Agreement. *See* Dkt. No. 61-1 ¶ 1.43. The Court finds that the Settlement Class satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a). Moreover, class treatment of the FCRA claims will be efficient and manageable, promoting judicial economy, and superior to other available methods for a fair and efficient adjudication of this controversy, consistent with Rule 23(b)(3).

The Court preliminarily appoints Burak C. Bingollu as the Class Representative. The Court finds that Plaintiff Bingollu has no interests that are adverse or antagonistic to the interests of the Class Members.

Any Class Member who desires to be excluded from the Settlement Class must send a written request for exclusion to the Settlement Administrator postmarked no later than 60 days from the initial distribution of Notice (Objection and Exclusion Deadline). The Class Member's opt-out request must: (1) be made by the Objection and Exclusion Deadline; (2) contain the Class Member's full name, original signature, mailing address, telephone number, and last four digits of their Social Security Number; and (3) state why the Class Member wants to be excluded. Each opt-out request may only apply to one Class Member. The Settlement Agreement shall not bind any Class Member who submits a valid and timely request for exclusion. However, requests for exclusion that do not substantially comply with these requirements are invalid.

**3.   Notice**

The Court approves the proposed form and substance of the notice procedures set forth in the Settlement Agreement and its exhibits as the best practicable under the circumstances. *See* Dkt. No. 66-1 § 5, Ex. A, B, D, E. Such notice is designed to reach all Class Members and is otherwise proper under Rule 23(e)(1).

The Court appoints American Legal Claim Services, LLC as the Settlement Administrator to distribute Notices to Class Members according to the Settlement Agreement and all other aspects of the settlement administration. *See* Dkt. No. 66-1 § 5. As soon as practicable and consistent with the notice procedures set forth in the

Agreement, the Settlement Administrator shall commence sending Notice to each individual identified on the Class List.

Class Counsel shall file a Declaration attesting that the Settlement Administrator implemented the notice procedures set forth in the Settlement Agreement and its exhibits no later than 14 days before the Final Fairness Hearing.

### 4. Final Fairness Hearing

The Court shall conduct a Final Fairness Hearing on September 4, 2024 at 10:00 AM in Courtroom 9E (Minneapolis), at which time the Court will determine whether: (1) this Action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23; (2) the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be finally approved by the Court; and (3) the Final Approval Order, as provided under the Settlement Agreement, should be entered, dismissing the Action with prejudice, terminating the above-captioned proceedings, and releasing the Released Claims against the Released Parties.

Class Members need not appear at the Final Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. The Final Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members. Class Counsel shall ensure that any rescheduled hearing dates are promptly posted to the Settlement Website.

### 5. Class Counsel Appointment

Having considered their work in identifying and investigating potential claims in this Action, experience with handling class actions, complex litigation, and claims of the type

asserted in this Action, knowledge of the applicable law, and the resources they have committed and will continue to commit to representing the Class, the Court appoints E Michelle Drake, John Albanese, and Ariana Kiener of Berger Montague PC as Class Counsel, pursuant to Rule 23(g)(1).

### 6.    Objections to Settlement

Any Class Member who does not opt out may object to the Settlement by sending the objection to the Settlement Administrator, postmarked no later than the Objection and Exclusion Deadline. Any objection must: (1) indicate that the objection relates to *Bingollu v. One Source Technology*; (2) contain the objecting Class Member's full name, original signature, mailing address, telephone number, and last four digits of their Social Security Number; and (3) state the specific basis for each objection, with supporting documentation, if any. An objection submitted through an attorney must also: (1) contain counsel's identity, mailing address, email address, fax number, and phone number; (2) state whether the Class Member intends to appear at the Final Fairness Hearing; and (3) state the specific basis for each objection, including any legal support, factual support, or other evidence the objecting Class Member wishes to introduce.

A Class Member who files an untimely or improper objection may not appear at the Final Fairness Hearing or object to or appeal the final approval of the proposed Settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any service award to the Named Plaintiff. Either Party may respond to an objection. Settlement Class members who submit exclusions may not object to the Settlement.

### 7. Deadlines

Any lawyer who intends to appear or speak at the Final Fairness Hearing on behalf of a Class Member must enter a written notice of appearance of counsel with the Clerk of the Court no later than 3 days before the hearing.

Further submissions by the Parties, including memoranda in support of the proposed Settlement and responses to any objections, shall be filed with the Court no later than 14 days before the Final Fairness Hearing.

Applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel and a service award for the Class Representative shall be filed no later than 14 days before the Objection and Exclusion Deadline.

### 8. Final Approval

The Court may approve the Settlement Agreement, with such modifications to the Parties' rights or duties as agreed to by the Parties, without further notice to the Settlement Class.

If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Settlement Class shall be decertified. The Settlement Agreement, all negotiations, proceedings, and documents prepared, and all statements made in connection with it shall not prejudice any Party and shall not be construed as an admission or confession by any Party of any fact, matter, or proposition of law. All Parties shall stand in the same procedural position as if the Settlement Agreement and all associated proceedings had not occurred, and the case will return to the status quo before the Settlement Agreement's execution.

This Court retains jurisdiction to interpret, implement, and enforce the terms of the Settlement Agreement and all orders and judgments entered in connection with it.

Dated: April 4, 2024                               ___s/David T. Schultz_____
                                                   DAVID T. SCHULTZ
                                                   U.S. Magistrate Judge