# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Burak C. Bingollu, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>One Source Technology, LLC d/b/a Asurint,<br><br>  Defendant. | Case No. 0:22-cv-00077-DTS<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

_____

Plaintiff Burak C. Bingollu ("Class Representative"), on behalf of himself and all others similarly situated, has submitted to the Court a Motion for Final Approval of the Settlement Agreement ("Final Approval Motion").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiff's Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on September 11, 2024, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed Settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows**:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement, as submitted to the Court with the Preliminary Approval Motion.

2. This Court has jurisdiction over the subject matter of this action, the Class Representative, the Settlement Class, and Defendant.

## THE SETTLEMENT CLASS

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, the Settlement Class defined as follows:

> All individuals who were the subject of consumer reports prepared by Defendant from December 27, 2019 to May 1, 2023 about whom Defendant reported: (1) through the SSN Trace Level 2 product, "unable to validate" and/or "not verified"; or (2) individuals who disputed information in the SSN Trace section of their background reports, which was then revised.

4. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3). For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed Plaintiff as Class Representative for the Settlement Class and hereby reaffirms that appointment, finding on the record before it, that Plaintiff has and continues to adequately represent the Settlement Class.

6. **CLASS COUNSEL APPOINTMENT** — In the Preliminary Approval Order, this Court previously appointed E. Michelle Drake, John Albanese, and Ariana Kiener of Berger Montague PC as Counsel for the Settlement Class and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have adequately and fairly represented Settlement Class Members, and continue to do so.

7. **CLASS NOTICE** — The record shows, and the Court finds, that notice to the Settlement Class has been given in the manner approved by the Court in the Preliminary Approval Order. The Court finds that such notices (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) were reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, their rights under the Settlement Agreement and deadlines by which to exercise them, and the binding effect of the Final Approval Order on the Settlement Class Members; (iii) provided due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfy the requirements of the U.S. Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23, and any other applicable law.

8. Full opportunity has been afforded to members of the Settlement Class to participate in the Final Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members, except the six individuals who have successfully opted out of the Settlement Class, are bound by this Final Approval Order in accordance with the terms provided herein.

## **FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

9. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement, and finds the benefits to the Settlement Class, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of the Plaintiff's claims and the defenses and arguments against liability and damages of Defendant, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member, except the six individuals who have successfully opted out of the Settlement Class, being bound by the Settlement Agreement, including the full extent of all releases set forth in the Settlement Agreement.

10. Specifically, the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate given the following factors, among other things:

A. All claims within the above-captioned proceeding are complex and time-consuming, and would have continued to be so through summary judgment and/or trial if it had not settled;

B. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement Agreement;

C. The relief provided for by the Settlement Agreement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to trial;

D. The Settlement Agreement was the result of arms' length, good faith negotiations and exchange of information by experienced counsel; and

E. The reaction of the Settlement Class has been positive.

11. All claims in the above-captioned proceeding are hereby dismissed with prejudice and terminated. Except as otherwise provided herein or in the Settlement Agreement, such dismissal and termination shall occur without costs to Plaintiff or Defendant. All Settlement Class Members hereby fully release all Released Parties for all Released Claims, and are hereby enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit or claim that asserts any Released Claims.

12. Pursuant to the Settlement Agreement, as of the Effective Date, Plaintiff and the Settlement Class Members shall be deemed to have fully, finally, and forever released and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Settlement Agreement.

13. **ATTORNEYS' FEES, COSTS, AND SERVICE AWARD** – Pursuant to Fed. R. Civ. P. 23(h), Class Counsel applied to the Court for awards of attorneys' fees and costs as related to the Settlement Class.

14. The Court notes that the requested amounts were included in the notice materials disseminated to the Settlement Class and there have been no objections to the requested amounts.

15. The Court, having reviewed the declarations, exhibits, and memoranda submitted in support of the requests for attorneys' fees and reimbursement of costs, approves an award of attorneys' fees and costs to Class Counsel as to the Settlement Class in the amount of $816,969.63. The Court finds this amount as reasonable and appropriate under all circumstances presented.

16. The Court also approves a service award to the Class Representative Burak C. Bingollu of $5,000 to be paid from the Settlement Fund.

17. The Settlement Administrator is further approved to reimburse its reasonable costs in connection with settlement administration from the Settlement Fund prior to the distribution to the Settlement Class Members.

18. The Settlement Administrator is directed to distribute the balance of the Settlement Fund to participating Settlement Class Members as expressly set forth in the Settlement Agreement. Should funds remain for *cy pres* distribution, the Parties' selected organizations, Southern Minnesota Regional Legal Services and Mid-Minnesota Legal Aid, are approved to receive such residual funds.

19. The Court expressly retains exclusive and continuing jurisdiction, without affecting the finality of this Order, over the Settlement Agreement, including all matters relating to the implementation and enforcement of the terms of the Settlement Agreement. Nothing herein, including the Court's retention of jurisdiction over the Settlement Agreement, shall be a basis for any Party, including any Settlement Class Member, to assert personal jurisdiction over any other Party in any matter other than a matter seeking to enforce the terms of the Settlement Agreement.

20. If the Effective Date, as defined in the Settlement Agreement does not occur for any reason whatsoever, this Final Approval Order shall be deemed vacated and shall have no force or effect whatsoever.

21. The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

22. There being no just reason for delay, the Court directs this Final Order be, and hereby is, entered as a final and appealable order.

**It is SO ORDERED.**

Dated: _____      _____
                                                    Hon. David T. Schultz
                                                    U.S. Magistrate Judge